IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-99-CR-221 JRN |
| | § | |
| CEDRIC DEON REED | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE JAMES R. NOWLIN
      SENIOR UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on April 4, 2012, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On June 6, 2000, the offender appeared before United States District Judge James R. Nowlin for sentencing, after pleading guilty to conspiring to carry a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(o).  He was sentenced to 125 months of imprisonment, followed by three years of supervised release.  The Defendant commenced supervised release on June 25, 2010.

One of the Defendant's supervision conditions required that he participate in sex offender treatment, as a result of his 1992 conviction for sexual assault of a child.  With a few minor exceptions, the Defendant adjusted well to supervision until February of this year.  In February,

however, the Defendant was found in possession of a pornographic video on his cell phone. Through an FBI analysis of his phone, it was determined that the video was not commercially produced, and had been transferred to the Defendant's phone from another source, likely another phone on which it had been recorded. The FBI agent stated the nude female in the video was young; however, her age could not be determined. There were additional pornographic images on the phone discovered during the analysis, indicating that the Defendant had accessed a number of pornographic websites.

When confronted with all of this, the Defendant was not initially truthful, but eventually admitted to receiving the video from a person with whom he was associating, who was also a convicted felon, and was a person he had not been given permission to associate with. He also admitted to frequenting pornsites, even though his sex offender treatment conditions prohibited this. As a result of the above, the Defendant was discharged from sex offender treatment on March 2, 2012. On March 23, 2012, the Probation Office submitted its Petition for Warrant, and on March 26, 2012, Judge Green issued a warrant for the Defendant. The Defendant was arrested on that warrant on March 28, 2012.

On April 4, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against him.

## II. FINDINGS OF THE COURT

1.  The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against him.

3. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

4. The Defendant has not had any injury that would affect his judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of his plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist his attorney in the preparation and conduct of his defense.

7. The Defendant received a copy of the Petition naming him, and he read it.

8. The Defendant understood the Petition and the charges against him, and had the opportunity to discuss the Petition and charges with his attorney.

9. The Defendant understood that he had the right to present evidence and to crossexamine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of his supervised release by (1) being unsuccessfully discharged from sex offender treatment; (2) possessing pornography; (3) associating with a felon; and (4) not answering questions of his Probation Officer truthfully.

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant. The Court is obviously concerned by the Defendant's violation of the conditions relating to his sex offender status. On the other hand, the Defendant has maintained stable employment for two years, has reported as directed, has not incurred any new arrests, and appears to be in a committed relationship. Taking into account all of this, the Court believes that the Defendant's supervision should be CONTINUED, but the Defendant's conditions be MODIFIED to require 90 days of home detention, a restriction of no use or access to computers, and a restriction prohibiting use or possession of any phone connected to the internet or which allows access to video or still images.

The Court warns the Defendant that because he is being given a second chance, if he is unsuccessful moving forward, the Court will have no choice but to enforce its orders with more serious sanctions.

IT IS THEREFORE RECOMMENDED that the the Defendant's supervision should be CONTINUED, and that the terms of the Defendant's supervised release be modified as follows:

1. The Defendant shall participate in the Home Confinement program for a period of 90 days. During this time, the Defendant shall remain at his place of residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the Probation Officer, and shall submit to location monitoring and follow the location monitoring procedures specified by the Probation Officer. The Defendant shall maintain a telephone at his place of residence without call forwarding, a modem, caller ID,

call waiting, or portable cordless telephones for the above period. The Court further orders that the Defendant shall pay for the costs of Home Confinement, based on his ability to pay, as directed by the Probation Officer.

2. The Defendant shall not possess or use a computer or internet connected device at home, or at any location.

3. The Defendant shall not possess or use a phone connected to the internet, or which allows access to video or still images.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of April, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE